Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **KEVIN REED**, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:05CV00006 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **JOEY SWORD, ET AL.,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendants. | ) |

*Timothy W. McAfee, McAfee Law Firm, P.C., Norton, Virginia, for Plaintiff; Sydney E. Rab, Senior Assistant Attorney General of Virginia, Richmond, Virginia, for Defendants.*

In this employment case by a former state employee, I will deny the defendants' motion for dismissal of the plaintiff's claim under the First and Fourteenth Amendments to the Constitution.

The plaintiff, Kevin Reed, filed this action in the Circuit Court of Wise County, Virginia, against Joey Sword, Gene Johnson, and David Robinson, employees with the Virginia Department of Corrections ("VDOC"). Reed, a former correctional officer with VDOC, claimed that the defendants denied him equal protection and due

process, as well as rights under the First Amendment, when he was fired from his position after being absent for over 180 days due to a work-related injury.

The defendants timely removed the action to this court, based on the federal questions involved in the plaintiff's causes of action. *See* 28 U.S.C.A. § 1441 (West 1994). The plaintiff then filed an Amended Complaint, which the defendants have moved to dismiss. The issues have been briefed and argued and the motion is ripe for decision.

For the purposes of this motion, I will accept as true the allegations of Reed's Amended Complaint.

Reed was hired as a correctional officer with VDOC in 1999, and was continuously employed until June 2003, when he was fired. (Am. Comp. ¶¶ 11, 20.) He suffered an on-the-job injury in August or September 2002, causing him to be unable to perform his duties at Wallens Ridge State Prison ("WRSP") for over 180 days. As a result of his injury, Reed filed a claim under Virginia's workers' compensation laws, and received benefits for that claim. (Am. Compl. ¶ 16.) He returned to WRSP in April 2003 with a note from his physician allowing him to perform light duty work, but Sword, the Human Resources Officer at WRSP, informed Reed that he could not return to work under such conditions. (Am. Compl. ¶ 18, 19.) When Reed returned to Sword in June 2003 without any restrictions on his

work, Sword refused to accept the return to work slip and advised Reed that he was fired. (Am. Compl. ¶ 20.) Reed alleges that there were light duty positions available in April 2003 and regular duty positions in June 2003, and that other employees at WRSP who were similarly situated to Reed, but who had not filed a claim for workers' compensation, were permitted to return to work by Sword. (Am. Compl. ¶ 21.)

Reed further alleges that he had a "property interest" in his employment, and that he was no longer a probationary employee and could only be disciplined or terminated for good cause. (Am. Compl. ¶ 12.) He states that long term disability ("LTD") benefits are not automatic, but rather an employee must make a claim for benefits in order to come within the policy provisions. Once a claim is processed and benefits are approved, employment can be terminated in the event the employee is unable to work after 180 days. (Am. Compl. ¶ 14.) Although Reed remained off work for more than 180 days, he alleges that he did not make a claim for LTD. (Am. Compl. ¶ 15.) Moreover, according to Reed, VDOC was required to communicate to him that a job would be available after he was absent 180 days, and was required to allow an employee to return to work after 180 days if he or she had been approved for benefits and a position was available. (Am. Compl. ¶ 14.)

Reed claims that (1) he was denied equal protection of the law because Sword acted arbitrarily and capriciously in terminating his employment, (2) he was denied procedural due process because the defendants terminated his employment without allowing him any process to object, and for refusing to allow him to take advantage of the grievance procedure, and (3) his First Amendment rights were violated because the defendants fired him in retaliation for his workers' compensation claim.[1]  (Am. Compl. ¶ ¶ 38-44.)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting the allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. The court may not dismiss a complaint unless the plaintiff can prove no set of facts that would entitle the plaintiff to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

It is not necessary to set forth a particular legal theory, but rather a party is required only to make "a short and plain statement of the claim showing that the

---

[1]  Reed's Amended Complaint also included a substantive due process claim, which he has conceded should be dismissed.

pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also* Charles Alan Wright, *Law of Federal Courts* § 68 (5th ed. 1994). The court is obligated to construe the complaint as asserting "any and all legal claims that its factual allegations can fairly be thought to support." *Martin v. Gentile*, 849 F.2d 863, 868 (4th Cir. 1988). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Virginia law provides for the shift of injured state employees to long-term disability status once absent for 180 days. *See* Va. Code Ann. § 51.1-1112 (Michie 2002 & Supp. 2004). Based on this principle, the defendants argue that the facts alleged conclusively show that the plaintiff had no property interest because his LTD status terminated his employment and precluded any property right to continued employment. The defendants base this proposition on certain administrative rulings of the Virginia Department of Employment Dispute Resolution, which provided that an employee is "separated" from state service when the employee becomes "inactive," in other words, when the employee is moved from short-term to long-term disability benefits.

While the defendants may ultimately be correct, I find that considering the Amended Complaint as a whole, the plaintiff has adequately pleaded that he had a

property interest and that he did not receive sufficient due process when he was deprived of that interest. It may be that the plaintiff will not be able to prove such an interest, but at this point I cannot determine that issue with finality.

The defendants have also moved to dismiss the plaintiff's equal protection and First Amendment claims. As to the equal protection claim, the defendants argue that because the plaintiff is not a member of an identifiable class, he must demonstrate that the defendants intentionally treated him differently from others similarly situated and that there was no rational basis for the difference in treatment. *See City of Cleburne, Tex. v. Cleburne Living Ctr.,* 473 U.S. 432, 442 (1985). The defendants assert that it is clear that there was a rational reason why the plaintiff was not rehired, in view of his prior injury and the nature of his job. Although the defendants may ultimately pass a rational basis test, at this stage I find that the plaintiff has adequately pleaded that the termination of his employment was without a rational basis. Similarly, as to the plaintiff's First Amendment claim, at this point I cannot determine with finality whether the plaintiff's expression was protected and whether, but for the protected expression, the defendants would not have taken the alleged retaliatory action. *See Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134, 1140 (4th Cir. 1990).

For the reasons stated, it is **ORDERED** that the Motion to Dismiss is DENIED.

ENTER: May 24, 2005

/s/ JAMES P. JONES
Chief United States District Judge